Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed September 13, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00732-CR

____________

 

IN RE JAMES THOMAS GREEN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

248th District Court

Harris County, Texas

Trial Court Cause No. 715266

 

 

 



MEMORANDUM 
OPINION

            On August 25, 2011, relator James Thomas Green filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann
§22.221; see also Tex. R. App. P. 52.1. In his petition, relator asks
that this court compel the respondent, the Honorable Joan Campbell, presiding
judge of the 248th District Court in Harris County, to rule on motions
presented to the respondent.  In the motions, relator requests that the
respondent enter a judgment of acquittal in trial court cause number 715266. 
Relator asserts the abandonment of a paragraph in the indictment resulted in an
acquittal that is not reflected in the judgment.  

In 1995 a jury convicted relator of murder and the trial court sentenced
him to confinement for 35 years in the Institutional Division of the Texas
Department of Criminal Justice.  This court affirmed his conviction.  Green
v. State, No. 14-96-01536-CR, 1999 WL 33620 (Tex. App.—Houston [14th Dist.]
Jan. 28, 1999, pet. ref’d) (not designated for publication), cert. denied, 529
U.S.1059 (2000). 

Although relator phrases his request for relief as seeking
to enforce the performance of a ministerial duty, the substance of his petition
constitutes a collateral attack on his final felony conviction and is not an
appropriate basis for mandamus relief.  Such an attack falls within the scope
of a post-conviction writ of habeas corpus under article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07 §
3.  Article 11.07 provides the exclusive means to challenge a final felony
conviction.  Board of Pardons & Paroles ex rel. Keene v. Court of
Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  While
the courts of appeals have mandamus jurisdiction in criminal matters, only the
Texas Court of Criminal Appeals has jurisdiction over matters related to final
post-conviction felony proceedings.  Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. 1991).  This court has no authority to issue a writ
of mandamus to compel a district court to rule on matters seeking
post-conviction relief in felony convictions in which the judgment is final.  See
In re McAfee, 53 S.W .3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001,
orig. proceeding).  

Accordingly, we dismiss relator’s petition for lack
of jurisdiction.

                                                                                    PER
CURIAM

 

 

 

Panel
consists of Justices Frost, Seymore, and Jamison.

Do Not Publish —
Tex. R. App. P. 47.2(b).